JL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Palafox Reyes, | No.    CV-26-01156-PHX-JJT (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| Eric Rokowsky, *et al.*, | |
| Respondents. | |

Petitioner Carlos Palafox Reyes has filed, through counsel, a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (Doc. 1) and paid the filing fee.

**I.    Petition**

Petitioner is an immigration detainee who is confined in the Eloy Detention Center. (*Id.* ¶¶ 1, 3.) Petitioner is a native and citizen of Mexico. (*Id.* ¶ 1.) He "entered the United States illegally in 2002 at an unknown location." (*Id.* ¶ 4.) Immigrations and Customs Enforcement (ICE) officials detained Petitioner on November 17, 2025. (*Id.* ¶ 5.) On December 11, 2025, Petitioner applied for Cancellation of Removal for Certain Non-Permanent Residents, but his application was denied. (*Id.* ¶ 7.) Petitioner appealed the decision, and his appeal is pending before the Board of Immigration Appeals. (*Id.*) Petitioner has no final order of removal.

On January 29, 2026, Petitioner filed a bond redetermination request with the Eloy Immigration Court. (*Id.* ¶ 8.) On February 3, 2026, an Immigration Judge conducted a bond hearing and denied bond, concluding that Petitioner was a flight risk. (*Id.*)

Petitioner suffers from medical conditions that are causing his health to quickly deteriorate in detention. (*Id.* ¶ 2.) Specifically, Petitioner states that he fell off a ladder while working in landscaping and has metal plates in his ankle, which cause him joint pain. (*Id.*) He asserts that while he has been in detention, he "has not been able to receive pain medicine for his joint pain, or any follow up care." (*Id.*) Petitioner contends that if he does not have urgent access to medical care, he will suffer lasting irreversible effects on his health. (*Id.* ¶ 1.)

Petitioner claims his "continued detention has become prolonged, and his removal will not occur in the foreseeable future." (*Id.* ¶ 9.) He contends that Immigration Judges have been encouraged "to find alternative reasons to deny noncitizens['] bond" and to follow the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado* as binding precedent, in contradiction to the declaratory relief granted in the class action in *Maldonado Bautista v. Santacruz*, 5:25-CV-01873-SSS-BFM (C.D. Cal. 2025). (*Id.* ¶ 28.)

Petitioner asserts that "[n]oncitizens subject to civil immigration detention cannot be subjected to conditions that amount to punishment." (*Id.* ¶ 33.) (internal quotation marks and citation omitted). He contends that at some point, "civil detention can become punitive, resulting in a due process violation." (*Id.*) Petitioner states that he has been detained for 92 days and claims he "will not be removed in the foreseeable future." (*Id.* ¶ 29.) He contends he is "being deprived of liberty in a detention center that could lead to severe decline of his well-being." (*Id.* ¶ 35.) Petitioner asserts that "[d]eath and life-altering medical conditions are surely irreparable injuries" that warrant his release from custody. (*Id.*)

Petitioner contends that "[a] neutral judge is one of the most basic due process protections." (*Id.* ¶ 38.) (citation omitted). He further asserts that "[d]ue process also requires consideration of alternatives to detention at any custody redetermination hearing that may occur." (*Id.* ¶ 39.) Petitioner contends that "[t]he primary purpose of immigration detention is to ensure a noncitizen's appearance during removal proceedings," and "[d]etention is not reasonably related to this purpose if there are alternatives to detention

that could mitigate risk of flight." (*Id.*)  Thus, Petitioner claims, "alternatives to detention must be considered in determining whether [his] incarceration is warranted." (*Id.*)

Petitioner asks the Court to assume jurisdiction over this matter; find his detention violates the Due Process Clause of the Fifth Amendment; issue a writ of habeas corpus and order his immediate release from detention, or, in the alternative, order that he be provided with a custody redetermination hearing before a neutral adjudicator; award attorney's fees, costs, and expenses; and grant such further relief as the Court deems just and proper.  (*Id.* at 10-11.)

## II.     Discussion

To the extent that Petitioner seeks release from custody based on his medical condition and lack of treatment, those are not proper bases for habeas corpus relief.  In *Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023), the Ninth Circuit clarified that although "§ 2241 is available for actions challenging the conditions of carrying out a sentence or putting the sentence into effect," this "is not synonymous with challenging conditions of confinement." *Id.* at 1068.  Rather, a claim sounds in habeas corpus only "if a successful petition demonstrates that the detention itself is without legal authorization." *Id.* at 1070 (emphasis in original).  "By contrast, claims that if successful would not necessarily lead to the invalidity of the custody are not at the core of habeas corpus," and the court lacks jurisdiction over such habeas claims. *Id.* at 1071.  In determining whether a claim sounds in habeas, "the relevant question is whether, based on the allegations in the petition, release is legally required irrespective of the relief requested." *Id.* at 1072.

Petitioner believes his medical condition has not been adequately treated in immigration detention.  Seeking adequate treatment for his condition does not challenge the legal authority for his detention.  This claim therefore does not properly sound in habeas corpus, and the Court lacks jurisdiction to consider it under § 2241. *See id.* at 1075.  Any previous uncertainty in the Ninth Circuit regarding whether habeas is an appropriate vehicle for conditions-of-confinement claims was extinguished by *Pinson*.

Insofar as Petitioner asserts his February 3, 2026 bond redetermination did not comport with the requirements of due process because IJs have been "encouraged" to find alternative reasons to deny non-citizens bond and because the IJ was not neutral, the Court lacks jurisdiction over the Petition. Petitioner had an individualized custody redetermination and was denied bond because the IJ determined he was a flight risk. An IJ's discretionary bond determination is not reviewable in federal court. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). And although § 1226(e) does not divest courts of jurisdiction to consider claims that the legal framework governing detention fails to provide due process, *see Martinez v. Clark*, 68 F.4th 1195 (9th Cir. 2023), the Petition does not sufficiently state a claim that the bond redetermination was itself a violation of due process.

For the foregoing reasons, the Court will dismiss the Petition and this case.

**IT IS ORDERED:**

(1)    Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed**.

(2)    The Clerk of Court must enter judgment accordingly and close this case.

Dated this 19th day of February, 2026.

_____
Honorable John J. Tuchi
United States District Judge

- 4 -